UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21 cv 20924

YORKS CANCHARI,

    Plaintiff,

v.

REVCO SOLUTIONS, INC.,

    Defendant.
_____/

**COMPLAINT FOR VIOLATION OF**
**THE FAIR DEBT COLLECTION PRACTICES ACT**

Plaintiff, YORKS CANCHARI, sues Defendant, REVCO SOLUTIONS, INC. ("REVCO"), under 15 U.S.C 1692 *et seq,* the Fair Debt Collection Practices Act ("FDCPA"), and alleges:

**JURISDICTION AND VENUE**

1. This is an action for damages under 15 U.S.C 1692k.

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Venue in this District is proper in that Defendant transacts business in Miami-Dade County, Florida, and the conduct complained of occurred here.

**PARTIES**

3. Plaintiff is a Miami-Dade County, Florida resident and "consumer" under the FDCPA, having received medical services from a medical provider for which REVCO claims he owes a debt, as set forth more specifically below.

4. REVCO is an Ohio corporation doing business as a "debt collector," as that term is defined in 15 U.S.C 1692a (6):

a) REVCO uses the U.S. mails in the conduct of its business, the principal purpose of which is the collection of debts;

b) REVCO regularly, directly and indirectly, collects debts owed or due, or asserted to be owed or due, to groups, companies and organizations which are completely unaffiliated with REVCO, and which are not under the same corporate ownership or control; and

c) REVCO describes itself as a debt collector in its debt collection correspondence.

## GENERAL ALLEGATIONS

5. On July 3, 2020, Plaintiff was injured in an accident at work as a result of which he received medical treatment at Hialeah Hospital in Miami-Dade County, Florida, from July 3, 2020 through July 9, 2020 (the "Subject Treatment").

6. Under Fla. Stat. Sec. 440.13(13) (a), Plaintiff is not legally responsible for any debt related to the Subject Treatment because he was an injured employee covered under a worker's compensation insurance policy, which is the exclusive source of payment of this debt.

7. REVCO has the benefit of (1) all information in the Hialeah Hospital files regarding Plaintiff, including the information that Plaintiff sustained his injury at work, and (2) the searchable Office of Judges of Compensation Claims website which identifies Plaintiff as an injured employee entitled to coverage under a worker's compensation insurance policy, so that the implementation of reasonable procedures to verify the validity of the debt would have put REVCO on notice that Plaintiff was not responsible for the Hialeah Hospital bill.

## REVCO's VIOLATIONS OF THE FDCPA

8.  In an effort to remedy abusive, deceptive and unfair debt collection practices by debt collectors, Congress enacted the Fair Debt Collection Practices Act, 15 USC 1692, *et seq*., which prohibits debt collectors from using "any false, deceptive or misleading representation or means in connection with the collection of any debt," and which enumerates specific violations under 15 USC Section 1692e.

9.  On October 30, 2020, REVCO mailed Plaintiff a debt collection letter claiming that Plaintiff owed Hialeah Hospital a $21,902.74.00 balance for the Subject Treatment which, at the time REVCO obtained the account, was a debt in default or which REVCO treated as in default; REVCO described it as a "past due account" which was "placed with our office for payment." (10/30/2020 letter attached as Exhibit "A").

10. In violation of 15 U.S.C. 1692e (2)(A) and (10), REVCO has, in connection with the collection of a consumer debt:

   (a) Used false, deceptive, and misleading representations;

   (b) Falsely represented the character, amount and legal status of the debt, including making the claim that Plaintiff was responsible for paying the debt instead of the worker's compensation carrier.

11. As a result of REVCO's violation of the FDCPA, Plaintiff has suffered an injury in fact:

   (a) He is faced with having to pay the debt himself, or run the risk of having it reported to a credit bureau and affect his credit standing;

   (b) It causes him constant distress to have this debt hanging over his head, when he has not worked since the accident, and is still recovering and receiving treatment for his

injuries.

(c)    He has had to retain a lawyer to dispute these bills, and to take action to avoid having to pay off the accounts, which by law are only payable by worker's compensation insurance.

12.    Pursuant to 15 U.S.C. 1692k (a), Plaintiff is entitled to his actual damages, an additional $1,000.00 in statutory damages, plus attorney's fees and costs incurred in bringing this action.

WHEREFORE, Plaintiff demands judgment for actual and statutory damages against REVCO, attorneys' fees, costs, pre and post judgment interest, and trial by jury.

Dated this March 9, 2021

JOSE M. FRANCISCO, P.A.
Attorneys for Plaintiff
8660 Flagler Street
Suite 100
Miami, Florida  33144
Tel: (305) 649-2213 ext. 1018
Email: josefrancisco@jmflawyers.com
rafael@jmflawyers.com
spenceremison@jmflawyers.com
litigationsec5@jmflawyers.com


By:    */s/ Jose M. Francisco*
JOSE M. FRANCISCO
Fla. Bar #0892874